IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK EUGENE ENGLE. § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:20-cv-00597-D (BT) | |
| § | | |
| HUNT COUNTY, ET AL. § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mark Eugene Engle, a Texas prisoner, filed this *pro se* civil rights action against various defendants on March 10, 2020. *See* Comp. (ECF No. 3). The Court granted Engle leave to proceed *in forma pauperis*, but withheld issuing process pending judicial screening. Ord. (ECF No. 7). Having screened the complaint, the undersigned recommends that the Court dismiss this action under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

I.

This is the second federal lawsuit that Engle has filed relating to his 2012 arrest and subsequent conviction and life sentence for manufacturing and delivery of controlled substances. The Court dismissed Engle's first suit as frivolous. *See Mark Eugene Engle v. Hunt County Texas Commissioner, et al.*, No. 3:17-CV-2213-B (N.D. Tex. Jan. 31, 2018) (ECF No. 14), *appeal dismissed as frivolous*, No. 18-10309 (5th Cir. Dec. 28, 2018). As discussed

1

herein, the allegations Engle makes here mirror those set out in his earlier complaint.

According to the complaint in this case, Engle was arrested on December 7, 2012, in Greenville, Texas by Defendant police officers Steve Walden, Jason Smith, and Nathan Baker after Engle allegedly committed a traffic violation. *See* Compl. (ECF No. 3 at 7). Although Engle allegedly refused to consent to a search, the officers towed his car to the police station where they searched it and found a personal safe inside. *Id.*

The same day, Defendant Greenville police officers Felicia White and Warren Mitchell drafted an affidavit in support of a search and arrest warrant for Engle in connection with an alleged sexual assault. *Id.* Engle insists that this warrant was facially invalid because Officer White had no factual proof for the statements she included in the affidavit. *Id.* at 7, 9. Later, however, a judge signed the warrant for the specific offense of sexual assault. *Id.* at 8.

Upon interrogation, Engle denied the sexual assault allegations and voluntarily gave buccal swabs for DNA comparison analysis. *Id.* But he also admitted to knowing the safe recovered from his car contained drugs. *Id.* Engle claims that the drug charge was added to the warrant the next day. *Id.*

Then, on February 4, 2013, a judge conducted an "examining trial" and determined that there was no probable cause for the sexual assault charge. *Id.* Thus, according to Engle, evidence of the drugs found in the safe

is inadmissible because it constitutes "fruit of the poisonous tree." *Id.* at 9. Engle also contends he should have been released without having to post a bond, but that a different judge held a bond hearing because of a "temper tantrum" by the prosecutor, Defendant Stephen Lilley. *Id.*

On June 28, 2013, a grand jury indicted Engle on drug charges. *Id.* at 10. Engle claims that prosecutors never presented the sexual assault charge to the grand jury given the lack of probable cause. *Id.*

The drug case was then assigned to the same judge who signed the search warrant in December 2012. *Id.* at 10. The judge appointed Defendants Katherine Ferguson, a public defender, and James Smith, an investigator, to defend Engle. *Id.* Engle claims that these two individuals allowed his rights to be "trampled." *Id.*

In April of 2014, Lilley allegedly notified Engle and his counsel that Engle's DNA did not match any of the evidence collected in the sexual assault case. *See id.* at 11. But when Engle asked his counsel to file a motion to dismiss based on the DNA results, she refused because "she was not appointed for that case." *Id.* Engle claims that the prosecutor never provided him with a copy of the DNA report for his own records. *Id.*

Then, in the summer of 2014, the court held a series of hearings at which Lilley allegedly made inconsistent arguments concerning Engle's ability to challenge the veracity of the affidavit supporting the warrant that led to the discovery of the drugs, pursuant to *Franks v. Delaware*, 438 U.S.

3

154 (1978), based on the DNA results. *Id.* at 12. Engle claims his counsel was ineffective for "not making the ADA turn over the DNA report which refutes all allegations of a crime." *Id.*

Ultimately, on October 1, 2014, a jury gave Engle a life sentence on the drug charge. *Id.* The court appointed attorney Defendant Jason Duff to represent Engle on appeal. *Id.* Engle contends his appeal would have resulted in a reversal of his conviction had he been in possession of the DNA evidence. *Id.* at 12.

Next, in 2019, Engle filed a *pro se* motion for DNA testing under Texas Code of Criminal Procedure Article 64.01, which allows a convicted person to file a motion for DNA evidence from the State. *Id.* at 13. Engle's motion was denied in September 2019 without a hearing. *Id.* Engle appealed. *Id.* The State argued that Engle's brief should be struck, and, although not clear, Engle appears to allege that the State never filed its own brief related to Engle's appeal. *Id.* at 14.[1]

Based on these facts, Engle asserts that Defendants were aware of, withheld, and tampered with exculpatory evidence; engaged in a conspiracy to gain a wrongful conviction; engaged in a malicious prosecution of Engle; and defamed him in front of the jury and in the media, resulting in cruel and unusual punishment under the Fourth, Fifth, Sixth, Seventh, Eighth, and

---

[1] The disposition of Engle's appeal is not clear from his Complaint.

Fourteenth Amendments to the United States Constitution. *Id.* at 15. Engle seeks declaratory relief, as well as nominal, compensatory, and punitive damages. *Id.*

II.

Engle's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the

5

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III.

A. <u>Engle's complaint is duplicative of other claims this Court has previously dismissed as frivolous, and it should likewise be dismissed as frivolous.</u>

"Complaints filed by *pro se* litigants may be dismissed as frivolous when they seek to re-litigate claims premised upon substantially the same facts arising from a common series of events upon which the plaintiff has relied in a previous lawsuit, even if the previous lawsuit remains pending." *Ellis v. United States*, 2021 WL 260428, at *3 (N.D. Tex. Jan. 26, 2021) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); *Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). And principles of *res judicata* bar all claims that were brought or could have been brought based on the same operative factual nucleus. *McGill v. Juanita Kraft Postal Service*, 2003 WL 21355439, at *2 (N.D. Tex. June 6, 2003), *rep. and rec. adopted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003). A complaint is thus subject to dismissal under § 1915A "when it 'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could

6

have been brought in the prior litigation." *Id.* (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)).

In large part, Engle's claims here are the same as those he asserted in a 2017 federal civil rights complaint, which this Court dismissed as frivolous. *See Mark Eugene Engle v. Hunt County Texas Commissioner, et al.*, No. 3:17-CV-2213-B (N.D. Tex. Jan. 31, 2018) (ECF No. 14), *appeal dismissed as frivolous*, No. 18-10309 (5th Cir. Dec. 28, 2018). In his first suit, Engle laid out the same basic fact pattern that he presents here, but his allegations focused on a supposed lack of probable cause due to defects in the search warrant. *See Mark Eugene Engle v. Hunt County Texas Commissioner, et al.*, No. 3:17-CV-2213-B (N.D. Tex. Jan. 31, 2018) (ECF No. 3). His 2017 complaint lacked allegations related to the supposedly-withheld or altered DNA evidence supporting his innocence as to the sexual assault charge (a charge which, as the Court understands it, was never presented to the grand jury). Here, he contends that he was informed of this evidence in 2014 and even asked his attorney to file a motion for production of the evidence prior to his conviction. Therefore, it is apparent that Engle could have presented these allegations in his earlier suit.

Engle's claims here for withholding, tampering with, and destroying evidence; malicious prosecution; and conspiracy to obtain a wrongful conviction—to the extent those claims are premised upon the supposedly-withheld DNA evidence in 2014—must be dismissed as frivolous because

7

they arise from the same nucleus of operative facts asserted in the prior suit and are "foreclosed from review as duplicative and under the traditional notions of *res judicata*." *Ellis*, 2021 WL 260428, at *4. The same result is appropriate for Engle's defamation claim, to the extent asserted. While Engle's complaint is devoid of any non-conclusory allegations supporting a defamation claim, it is apparent that this claim could also have been raised in the 2017 lawsuit because Engle asserts that he was defamed in front of the jury and in the media.

The only new allegations—temporally speaking—that Engle sets out here are those related to his 2019 attempt to obtain DNA testing in Texas State Court; and it is unclear whether Engle asserts a claim as to those allegations, although, they are addressed below in an abundance of caution.

B.      Engle's claims are *Heck*-barred.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that no cause of action exists under § 1983 for state prisoners who bring civil rights actions for allegedly unconstitutional convictions or imprisonment, or otherwise collaterally attack the constitutionality of the convictions that form the basis for their incarceration, unless the state prisoner can show that the state criminal conviction he is collaterally attacking has been invalidated by a state appellate court, a state or federal habeas court, or some other state authority with jurisdiction to do so. *See Heck*, 512 U.S. at 477.

Here, except a vague reference to a defamation claim, the gravamen of Engle's complaint is that he was wrongfully convicted because of withheld, altered, or destroyed DNA evidence in 2014, which was part of an alleged conspiracy to obtain a criminal conviction and also amounted to a malicious prosecution. A judgment in Engle's favor on these allegations would necessarily imply the invalidity of his confinement; thus, Engle's causes of action stemming from the allegedly withheld, altered, or destroyed DNA evidence in 2014 are barred by *Heck*. *See, e.g., Bailey v. Willis*, 2018 WL 3321461, at *6 (E.D. Tex. Jan. 11, 2018) (dismissing as *Heck*-barred claims that officers fabricated affidavits for search warrants and that all defendants "conspired together to 'procure a criminal conviction upon a man that they knew, all along, was innocent'"); *Barnett v. GEO Grp., Inc.*, 2017 WL 3896363, at *4 (N.D. Tex. Aug. 10, 2017), *rep and rec. adopted*, 2017 WL 3887914 (N.D. Tex. Sept. 5, 2017) ("A ruling in favor of Plaintiff's multiple claims that the individual defendants subjected him to an illegal interrogation, that the prosecution withheld exculpatory evidence, that he received ineffective assistance of counsel, and that he was the subject of malicious prosecution, would necessarily imply the invalidity of his conviction."); *Toombs v. Massingill, et al.*, 583 F. App'x 359, 359-60 (5th Cir. 2014) (claims that defendants conspired to withhold and destroy potentially exculpatory evidence barred by *Heck*); *Villegas v. Galloway, et al.*, 458 F. App'x 334, 337 (5th Cir. 2012) (civil rights claims such as

9

ineffective assistance of counsel, use of perjured testimony and fabricated evidence, and suppression of favorable evidence are barred by *Heck*); *Albarado v. City of Abilene, et al.*, 2016 WL 1583772 (N.D. Tex. March 18, 2016) (claims that detective engaged in illegal interrogation, that prosecutor withheld reports, and that police, prosecutor, and judge engaged in conspiracy barred by *Heck*), *rep. and rec. adopted*, 2016 WL 1572612 (N.D. Tex. April 19, 2016).

  C. <u>Defendant Lilley is immune</u>.

Engle appears to sue Stephen Lilley for his actions in prosecuting Engle's cases. However, judges and prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996); *Imber v. Pachtman*, 424 U.S. 409, 427 (1976). Here, review of Engle's Complaint reveals no non-conclusory allegations that Lilley acted outside of the scope of his jurisdiction. Engle's claims against him should therefore be dismissed.

  D. <u>Defendants Ferguson and Smith are not liable under § 1983.</u>

Plaintiff sues his former defense attorney, Katherine Ferguson, and the investigator who assisted her, James Smith, for their alleged deficient performance in representing him during his criminal cases. Defense attorneys and their staff, however, are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Mills v. Criminal Dist. Court. No. 3*, 837 F.2d

10

677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 F. App'x. 378, 379 (5th Cir. 2011) Engle's claims against these Defendants should be summarily dismissed.

>   E.   Engle's claims fail as to Defendants the Hunt County Commissioner, the Greenville City Mayor, and the Greenville Chief of Police.

Engle names the Hunt County Commissioner, the Greenville City Mayor, and the Greenville Chief of Police as defendants in this action, cursorily alleging that these individuals are "legally responsible" for the operation of their respective entities. Compl. (ECF 3 at 4.) But "[s]upervisory officials cannot be held liable under section 1983 for the actions of subordinates . . . on any theory of vicarious or *respondeat superior* liability." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (citations omitted). Instead, "a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003) (citing *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor.")).

Here, Engle does not allege that the Hunt County Commissioner, the Greenville City Mayor, or the Greenville Chief of Police was personally

11

involved in the deprivation of his rights or implemented an unconstitutional policy that resulted in a violation of his civil rights. Accordingly, these Defendants should be dismissed.

      F.    <u>Engle fails to state a claim for defamation</u>.

Although unclear, it appears that Engle alleges a defamation claim. Under Texas law, the elements of a *prima facie* case for defamation are: (1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages, unless the statement constitutes defamation *per se. Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017). Engle fails to identify any defamatory statement and his defamation claim—to the extent made—should be dismissed.

      G.    <u>Engle fails to state a claim for any denial of his right to obtain DNA evidence.</u>

It is unclear whether Engle asserts a claim related to his attempt to obtain DNA evidence under Texas Code of Criminal Procedure Chapter 64. There is no federal constitutional right for a convicted person to obtain evidence for postconviction DNA testing, but a right to obtain DNA testing may be created by state law. *District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67-73 (2009). Because Texas has created such

a right, its procedures for a convicted defendant to vindicate the denial this right must satisfy due process. *Id.* at 72-74.

Here, Engle does not allege that the State has denied his application for DNA evidence—let alone that the procedures it used to do so violate due process. Any claim related to his 2019 attempt to obtain DNA evidence under the Texas Code of Criminal Procedure Chapter 64 should therefore be dismissed.

IV.

The Court should DISMISS Engle's complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend his complaint prior to a dismissal but leave to amend is not required when a plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). For the reasons outlined herein, Engle's claims are fatally infirm, and the Court should not grant him leave to amend.

Signed February 23, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within

13

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).